UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK J. CAPOZZI,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN LAMINE N'DIAYE,<br><br>　　　　Respondent. | Civil Action<br>No. 21-20262 (CPO)<br><br>OPINION |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

### I.     BACKGROUND

In 2019, Petitioner pleaded guilty to conspiracy to defraud the Government and aggravated identity theft. *United States v. Capozzi*, No. 16-347, 2020 WL 1849777, at *1 (M.D. Pa. Apr. 13, 2020). For those charges, the United States District Court for the Middle District of Pennsylvania sentenced Petitioner to 70 months in prison. (*United States v. Capozzi*, Crim No. 16-347, ECF No. 271, at 3 (M.D. Pa.)). The remaining procedural history is unclear, but it appears that Petitioner filed a premature motion under 28 U.S.C. § 2255 and his direct appeals remain pending. (*Capozzi*, Crim No. 16-347, ECF No. 326 (dismissing Petitioner's § 2255 motion as premature)).

In November of 2021, Petitioner filed the instant Petition, challenging the validity of his conviction and sentence. (ECF No. 1, at 7.) In Petitioner's view, because of alleged paperwork irregularities, his conviction and sentence are invalid, and his incarceration constitutes "kidnapping and human trafficking." (*Id.*)

## II.     STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.    DISCUSSION

In this case, Petitioner challenges his federal conviction and sentence under 28 U.S.C. § 2241. Generally, however, a person must challenge the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). More specifically, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to utilize § 2241, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."

*Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).  However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Id.* at 539.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id*. at 538.  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who had previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The Third Circuit emphasized that it was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255.  *See id.*

Consequently, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review.  *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Here, Petitioner fails to allege facts sufficient to bring his challenge within the *Dorsainvil* exception.  As to the first two elements, Petitioner does not allege that he is "actually innocent" *as a result of a retroactive change in substantive law* that negates the criminality of his conduct.

3

Rather, he contends, for various reasons, that "the required paperwork . . . does NOT EXIST in the court record," to sustain his conviction and sentence, and as a result, incarcerating him constitutes kidnapping and human trafficking. (ECF No. 1, at 7; ECF No. 1-1, at 6–7.)

Additionally, § 2255 is not inadequate or ineffective to address Petitioner's claims. Section 2255 permits Petitioner to challenge his conviction and sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As Petitioner can raise his claims in a § 2255 motion, and because he has not yet completed his § 2255 proceedings, his claims also fail to meet the third *Dorsainvil* requirement. In other words, Petitioner still has an opportunity to seek judicial review of these claims in a § 2255 motion.

Since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain these challenges to Petitioner's conviction and sentence. Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Ordinarily, the Court would be inclined to transfer this case to the Middle District of Pennsylvania for consideration as a § 2255 motion, but Petitioner expressly stated that he wished to file his claims under § 2241, rather than § 2255. (ECF No. 1-1, at 3.) As a result, it does not appear that Petitioner wishes to pursue these claims as a § 2255 motion. Consequently, this Court finds that it is not in the interest of justice to transfer the Petition to the Middle District of Pennsylvania, as a § 2255 motion. Of course, this Court's decision does not prevent Petitioner from filing these claims as a § 2255 motion, before the Middle District of Pennsylvania, on his own.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction.  An appropriate Order follows.

DATED:  April 4, 2022

                                                                    /s/ Christine P. O'Hearn
                                                                    **Christine P. O'Hearn**
                                                                    **United States District Judge**